| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Kylie MacLeod,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT SYSTEMS INTERNATIONAL, INC.,<br><br>Defendant. | Court File No.: ____________<br>Case Type: Other Civil<br><br>**Summons** |

THIS SUMMONS IS DIRECTED TO:

1. **You are being sued**. The Plaintiff has started a lawsuit against you. The *Complaint* is attached to this *Summons*. Do not throw these papers away. They are official papers that start a lawsuit and affect your legal rights, even if nothing has been filed with the court and even if there is no court file number on this *Summons*.

2. **You must BOTH reply, in writing, AND get a copy of your reply to the person/business who is suing you within 21 days to protect your rights.** Your reply is called an *Answer*. Getting your reply to the Plaintiff is called service. You must serve a copy of your *Answer or Answer and Counterclaim* (Answer) within 21 days from the date you received the *Summons* and *Complaint*.

You can find the *Answer* form and instructions on the MN Judicial Branch website at www.mncourts.gov/forms under the "Civil" category. The instructions will explain in detail how to fill out the *Answer* form.

3. **You must respond to each claim.** The *Answer* is your written response to the Plaintiff's *Complaint*. In your *Answer* you must state whether you agree or disagree with each paragraph of the *Complaint*. If you think the Plaintiff should not be given everything they asked for in the *Complaint*, you must say that in your *Answer*.

4. **You may lose your case if you do not send a written response to the Plaintiff.** If you do not serve a written *Answer* within 21 days, you may lose this case by default. You will not get to tell your side of the story. If you choose not to respond, the Plaintiff may be awarded everything they asked for in their *Complaint*. If you

agree with the claims stated in the *Complaint*, you don't need to respond. A default judgment can than be entered against you for what the Plaintiff asked for in the *Complaint*.

To protect your rights, you must serve a copy of your *Answer* on the person who signed this *Summons* in person or by mail at this address:

Todd Murray
Friedman Murray, PLLC
1400 Van Buren St NE, Ste. 200
Minneapolis, Minnesota 55413
*Attorney for Plaintiff*

5. Carefully read the Instructions (CIV301) for the *Answer* for your next steps. 4

6. **Legal Assistance.** You may wish to get legal help from an attorney. If you do not have an attorney and would like legal help:

- Visit www.mncourts.gov/selfhelp and click on the "Legal Advice Clinics" tab to get more information about legal clinics in each Minnesota county.
- Court Administration may have information about places where you can get legal assistance.4

**NOTE: Even if you cannot get legal help, you must still serve a written *Answer* to protect your rights or you may lose the case.**

7. **Alternative Dispute Resolution (ADR).** The parties may agree to or be ordered to participate in an ADR process under Rule 114 of the Minnesota Rules of Practice. You must still serve your written *Answer*, even if you expect to use ADR.

**FRIEDMAN MURRAY, PLLC**

Date: October 8, 2026

Todd Murray (#347462)
Attorney for the plaintiff
1400 Van Buren Street NE, Ste. 200-222
Minneapolis, MN 55413
(612) 564-4025 (phone)
(612) 392-7979 (fax)

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

| | |
|---|---|
| Kylie MacLeod,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT SYSTEMS INTERNATIONAL, INC.,<br><br>Defendant. | Court File No.: ___________<br>Case Type: Other Civil<br><br>**Complaint** |

## PARTIES

1. Kylie MacLeod is an individual who lives in Hopkins, Minnesota and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

2. CREDIT SYSTEMS INTERNATIONAL, INC. is a debt collection agency organized in the state of Texas with a registered office address in Minnesota located at 2780 Snelling Ave N, Suite 101, Roseville, Minnesota 55113.

3. According to its website, CSI "is a nationally recognized Accounts Receivable Management firm" who "specializes in consumer centric collection solutions" for "a multitude of industries with extensive experience in healthcare…."

4. CSI has an active debt collection license issued by the Minnesota Department of Commerce.

5. CSI uses instrumentalities of interstate commerce, such as email and text messages, in its business, the principal purpose of which is the collection of debts.

6. CSI regularly collects or attempts to collect the debts owed or asserted to be owed to its clients.

7. CSI is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION & STANDING

8. Jurisdiction arises under 15 U.S.C. § 1692k(d) and under Minnesota Statutes section 484.01.

9. Venue is proper in this district under Minnesota Statutes § 542.09 because the acts giving rise to MacLeod's causes of action occurred here.

10. MacLeod has standing to bring this case in this Court because she is the beneficiary of a legislative enactment, specifically 15 U.S.C. § 1692k, that grants standing to bring this claim. *See State of Minnesota v. Philip Morris Incorporated, et al.*, 551 N.W.2d 490, 493 (Minn. 1996).

## FACTUAL ALLEGATIONS

11. MacLeod incurred a financial obligation with Optum Behavior Care at Care Counseling of Minnesota that was primarily for personal, family or household purposes.

12. The Optum Care obligation is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

13. CSI is attempting to collect the Optum Care debt from MacLeod.

14. On or about August 4, 2026, MacLeod mailed letters to CSI stating "[d]o not contact me by phone, text message, email, or any other method except as specifically permitted by applicable law."
15. MacLeod's letters also disputed the debt and requested validation of the debt.
16. On August 17, 2026, CSI sent a text message to MacLeod stating "CSII, a debt collector. You have a discount offer for your Optum Behavioral Care balance at https://creditsystemsintl.avtal.com/al/HTrf61vC."
17. CSI sent similar text messages to MacLeod on August 21, 2026 and August 25, 2026.
18. CSI's text messages were "communications" under 15 U.S.C. § 1692a(2) because they conveyed information about a debt.
19. CSI's text messages were in connection with the collection of a debt because they proposed a settlement offer to resolve the debt.
20. On August 28, 2026 at approximately, 8:33 a.m., MacLeod called CSI and verbally told them a to cease all further contact with her.
21. That same day, at 11:04 a.m., CSI emailed MacLeod, stating that "[w]e are trying to collect a debt that you owe to Optum Behavioral Care…As of 08/26/26, you owed: $90."
22. CSI's August 28, 2026 email was a "communication" under 15 U.S.C. § 1692a(2) because they conveyed information about a debt.
23. CSI's August 28, 2026 email was in connection with the collection of a debt because it expressly said CSI was trying to collect a debt from MacLeod.

24. On September 14, 2026, CSI emailed MacLeod again, stating "[w]e are trying to collect a debt that you owe to Optum Behavioral Care…As of 09/06/26, you owed: $155.00."

25. CSI's September 14, 2026 email was a "communication" under 15 U.S.C. § 1692a(2) because they conveyed information about a debt.

26. CSI's September 14, 2026 email was in connection with the collection of a debt because it expressly said CSI was trying to collect a debt from MacLeod.

## Summary

27. By texting MacLeod three times and emailing her two times after she asked, in writing, to cease all communications and disputed the debt, CSI violated 15 U.S.C. § 1692c(c).

28. By emailing MacLeod twice after she verbally told them to cease email communications, CSI violated 15 U.S.C. § 1692d, as interpreted by Regulation F § 1006.14(h)(1).

## CAUSES OF ACTION

### Count I – Fair Debt Collection Practices Act

1. CSI violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq., specifically sections 1692c(c) and 1692d.

2. As a result, MacLeod is entitled to actual damages under 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3).

## PRAYER FOR RELIEF

MacLeod requests that judgment be entered against CSI:

### Count I – Fair Debt Collection Practices Act

1. For actual damages under 15 U.S.C. § 1692k(a)(1);
2. For statutory damages of $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A);
3. For the costs of litigation and reasonable attorney's fees under 15 U.S.C. § 1692k(a)(3);

Date: October 8, 2026

FRIEDMAN MURRAY, PLLC

Todd Murray (#347462)
Attorney for MacLeod
1400 Van Buren St NE, Ste. 200
Minneapolis, MN 55413
todd@friedmanmurray.com
(612) 564-4025 (phone)

## ACKNOWLEDGMENT

McLeod acknowledges that sanctions may be imposed under Minn. Stat. § 549.211.

Date: October 8, 2026

Todd Murray